IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOSEPH K. SHELTON,           )
                             )
         Plaintiff,          )
                             )
         v.                  )    1:15CV456
                             )
LEWIS ALLEN,                 )
                             )
         Defendant(s).       )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a federal prisoner, submitted a document labeled as a Complaint in which he alleges that Defendant, the Federal Public Defender in this District conspired with the United States Attorney's Office to improperly withhold discovery materials from Plaintiff in his criminal case, United States v. Shelton, No. 1:11CR397 (M.D.N.C.), by entering into a discovery agreement. Plaintiff believes that this somehow restricted defense access to discovery materials, removed judicial supervision of the discovery process, and allowed the United States Attorney more control over what material would be produced. Given the nature of the allegations, the Court treated the filing as a Complaint under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1.      The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review.

2. The Complaint is not on forms prescribed for use by this Court, nor is the information requested by such forms and necessary to process the Complaint pursuant to 28 U.S.C. § 1915A contained in Plaintiff's submission. See LR 7.1(e).

3. The Complaint does not state a proper claim for relief in its present form. Plaintiff relies partly upon American Bar Association ethics rules, a criminal statute, and this Court's Local Rules, but none of these is a basis for filing a civil action in this Court. Plaintiff also alleges violations of his federal constitutional rights, but he names only the Federal Public Defender as the Defendant and public defenders share immunity for their part in the judicial process. See Sullivan v. United States, 21 F.3d 198, 203 (7th Cir. 1994) (a plaintiff may not directly sue the public defender--his sole remedy is a Federal Tort Claims Act action against the United States).[1] Further, Plaintiff relies on a letter from his former attorney in an attempt to show that the Government withheld or suppressed evidence in his criminal case. The letter does not support this. It states only that a discovery agreement with the United States Attorney's Office does not allow the attorney to provide Plaintiff with copies of discovery materials. This is not the same as hiding or withholding materials and in no way indicates that the Government did not provide the materials to the defense as required during Plaintiff's criminal case or that defense counsel agreed to improper withholding. In fact, the agreement referenced in the letter is part of the open file policy maintained by the United States Attorney's Office in this District which avoids most discovery disputes by allowing defense attorneys access to more information than they would otherwise receive in criminal discovery. Finally, to the extent Plaintiff seeks to use his current filing to attack his criminal conviction in this Court, he cannot do so. Heck v. Humphrey, 512 U.S. 477 (1994).

4. Plaintiff does not request any appropriate remedy. He seeks to have the Court appoint an independent counsel to conduct an investigation into the agreement between Defendant and the United States Attorney's Office. The Court does not conduct investigations. Further, there is no need for any investigation. As stated above, the agreement referenced in the Complaint is part of the standard open file policy maintained by the United States Attorney's Office for many

---

[1] While the United States could be substituted as a party respondent for Defendant, Plaintiff neither shows nor alleges that he has exhausted his administrative remedies. Sullivan v. United States, 21 F.3d 198, 203 (7th Cir. 1994). Consequently, even if the United States were substituted, the Complaint would still be subject to dismissal.

years. It is not, as Plaintiff believes, a secret or nefarious agreement infringing upon his discovery rights.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)), which he may use to file an action under <u>Bivens</u> if appropriate.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)), which he may use to file an action under <u>Bivens</u> if appropriate.

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper forms, which corrects the defects cited above.

This, the 9th day of June, 2015.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**
